W. A. HORN v. WILLIAM ARNOLD AND N. ANDERSON, ADM'R.

1. ESTATES OF DECEDENTS—HOMESTEAD.—The widow and children (or either, as the case may be) to whom a homestead was set apart under the probate law of 1848, out of an insolvent estate, took an estate in fee, freed and discharged from the liens of creditors, unless it be for purchase-money, or for work and labor or materials furnished in constructing or erecting improvements on the property.
2. CASES REAFFIRMED.—Reeves v. Petty, 44 Tex., 249, and Green v. Crow, 17 Tex., 188, reaffirmed.
3. ESTATES OF DECEDENTS—HOMESTEAD.—The widow and children to whom a homestead allowance was made, took an estate in the homestead set apart to them, free from any claim of inheritance by other children or heirs not beneficiaries of or entitled to share in the allowance.
4. STATUTES CONSTRUED—HOMESTEAD ESTATE.—To construe the statute which directs that the property exempt from forced sale shall be set apart for "the use and benefit of the widow and children, if there be either, or any," so as to include adult children as well as minors, would be to lose sight of the object of the statute, in order to give effect to the literal import of a single word.

APPEAL from Hunt. Tried below before the Hon. Green J. Clark.

This case was submitted as an agreed case, but neither in the record nor in the briefs of counsel can any information be obtained as to the distinctive character of the action, unless it be found in the judgment, which provides for a partition of the land. The case was docketed below as "Nathaniel Anderson, administrator, v. W. A. Horn and William Arnold."

The agreed case is as follows, viz.: "Andrew McDonald died in Hunt county, Texas, in April, A. D. 1870; he left surviving him his wife, Mary McDonald, and his son, John C. McDonald, a minor, about twenty years of age, who were the only persons living with him at the time of his death upon the premises in controversy. He left also surviving him T. T. McDonald, who was then of full age, married, and living at his own home, and Elizabeth Arnold, who was also married and living with her husband at their home, which was not on

11

the land in controversy. The premises in controversy constituted the homestead of Andrew McDonald at the time of his death.

"Mary McDonald died intestate on the premises in the year 1873. The estate of Andrew McDonald was wholly insolvent. Defendant Horn now holds by deed the interest of said John C. McDonald in the premises. Defendant Arnold is the lawful guardian of all the heirs of Elizabeth Arnold, who is dead. Plaintiff Anderson is the administrator of the estate of said T. T. McDonald, who is also dead, and plaintiff is entitled to recover under the deed from Andrew McDonald to T. T. McDonald seventy acres of the east end of the land described in the petition, and the remaining two hundred acres of said land was the homestead of Andrew McDonald at the time of his death. At the time of the death of Mary McDonald, in 1873, John C. McDonald, the said minor, had become of full age, had married, and was not then living on the said two hundred acres. It was further agreed that Elizabeth Arnold, with her husband, was living on a forty-acre tract of land adjoining the homestead of the said Andrew McDonald; that upon the death of her husband, Elizabeth Arnold and John C. McDonald exchanged houses, where they remained, and the said John C. McDonald continued to cultivate and control the land in controversy until the 17th of September, 1874, when he sold his interest to defendant Horn; that on the 15th of July, 1879, the District Court rendered judgment that the said premises be equally divided between the plaintiff Anderson and defendant Horn and defendant Arnold, one-third each."

Horn moved for a new trial below, which was overruled.

He assigned for error: 1st. The action of the court in not setting aside one-half of the two hundred acres to him as the vendee of John C. McDonald; 2d. In dividing the two hundred acres equally between the heirs of Mary McDonald; 3d. In not giving to W. A. Horn, as vendee of John C. McDonald, one hundred and thirty-three and one-third acres; 4th. In giving to W. A. Horn sixty-six and two-thirds acres.

*Daniel Upthegrove*, for appellant.

I. This being an insolvent estate, the fee-simple title to the homestead, at the death of Andrew McDonald, by operation of law was cast upon his widow and children. (Green *v.* Crow, 17 Tex., 188; Reeves *v.* Petty, 44 Tex., 252.)

II. We contend that the correct construction of article 1305 of Paschal's Digest refers to minor children. (Hoffman *v.* Neuhaus, 30 Tex., 633.)

If we are correct, we respectfully ask that this cause be reversed.

*E. W. Terhune* and *W. C. Jones*, for appellees.

I. Where a husband dies insolvent and intestate, and no administration is had on his estate, leaving surviving a wife and children, some adults and some minors, the minors living with the mother on the homestead, leaving no property save the homestead, and the wife dies intestate after the majority of the minors, and no administration is had on her estate, and more than four years have elapsed after her death, then the homestead is subject to partition among the surviving heirs according to quantity and quality, each child getting an equal share. (Const., art. 17, sec. 52; Rev. Stats., arts. 2004, 2005; Paschal's Dig., art. 1305; Wright *v.* Doherty, 50 Tex., 35.)

II. When a husband dies insolvent, the wife surviving has a life interest in the homestead, and at her death the homestead is to be divided equally, share and share alike, with all her children, the fee being vested in them at the death of the mother, and the homestead is subject to partition when they all become of age. (See above authorities.)

III. When a husband dies insolvent, leaving a wife and minor children and adult children, the half interest of the husband in the homestead does not vest absolutely in the wife and minor children, and at the death of the wife in the minors, each adult only inheriting a child's interest in the mother's half of the estate, as claimed by appellant, but it vests as

stated in the first two propositions of appellees. This is in denial of appellant's propositions.

MOORE, CHIEF JUSTICE.—Whatever may have been the views entertained by individual members of the court upon the subject as an original question, it must now be held to be definitely settled that the widow and children (or either, as the case may be) to whom a homestead was set apart under the probate law of 1848, out of an insolvent estate, took an estate in fee, freed and discharged from the liens of creditors, unless it be for purchase-money, or for work and labor or for materials furnished in constructing or erecting improvements upon the property. (Reeves v. Petty, 44 Tex., 249; Green v. Crow, 17 Tex., 188.)

As the rights of creditors are superior to heirs not entitled to this exemption, it is a necessary and obvious deduction from these decisions, that the widow and children in whose favor the allowance is made take a like estate in the property set apart to them, free from any claim of inheritance by other children or heirs not beneficiaries of or entitled to share in the allowance.

It is claimed that as the statute directs the property exempt by the Constitution from execution or forced sale to be set apart for " the use and benefit of widows and children, if there be either, or any," the adult children take the same interest or estate in the exempted property as minors.

In our opinion, such construction of the statute is erroneous and untenable. It would be to lose sight of the object and purpose of this provision to give effect to the literal import of a single word. If the estate is solvent, the exempted property which may have been set apart to the widow and children, with the exception of one year's supply of provisions, shall be taken into account in the final partition and distribution of the estate; but until the final settlement of the estate, the adult children who were not constituents of the family at the death of the father cannot participate in the use and enjoyment of

the exempted property without defeating the object and purpose for which it is set apart. This purpose is, evidently, to give a home to the constituents of the family remaining after the death of the husband and father while the estate is being settled, the possession and enjoyment of which cannot be disturbed or interrupted by the administrator, the creditors, or the heirs.

It is to prevent the disruption of the family, to secure a shelter and an asylum for the widow and children who have not left the family hearth-stone until the estate can be partitioned, which object would be defeated if they may be forced to divide or share it with other children who have previously separated themselves from the family, and, perhaps, have formed other and uncongenial ties.

As the parties to be benefited by the exemption are the same, whether the estate is solvent or insolvent, the difference in the nature and character of the title which they take cannot enlarge or limit the number or character of the beneficiaries in the one case or the other. Nor does the injustice or the inequality that may result among children in the distribution of this character of property, address itself to our consideration.

The views which we have here expressed are believed sufficient to lead to the proper determination of this controversy on another trial. It is unnecessary, therefore, to consider the other assignments of error.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered November 11, 1879.]