## MUNZENBERGER v. BOEHME.

(No. 1103.)

HOMESTEAD.— Constituent of family; son not considered as the head of a family.

APPEAL from Comal county. Opinion by WATTS, J.

STATEMENT.— Mrs. Boehme, the appellee (who was the administrator of her son, Victor Boehme, deceased), brought this suit against the appellants, July, 1876, for the purpose of establishing her right to lot No. 91, in New Braunsfels, which she claims was purchased by her son Victor with her money, who had taken the deed in his name. Also claiming the same as her homestead on the ground that she was a surviving constituent of Victor's family at his death. The appellants, who were creditors of Victor's estate, claimed the lot as assets of the estate; Mrs. Strempel claiming the first lien upon the same under deed of trust; Mrs. Schadwiz claiming the second lien under deed of trust. Mrs. Strempel's claim had been allowed and approved by the clerk, and she had filed an application praying for an order directing said lot to be sold, and proceeds to be applied to the payment of her claim.

To this Mrs. Boehme filed her opposition, asserting that this claim had been approved by mistake and through inadvertence. This application and opposition was consolidated with the other suit. The lot was conveyed by Gabriel Sachern to Victor Boehme November 22, 1870. He was a single man, and with his mother and widowed sister moved upon the lot about January 1, 1873, and continued to occupy it until his death in March, 1875. As early as November, 1872, they had sent down from Victor's place in the upper portion of the county, where they had been living together for some years, some household and other goods, and stored them in the house on the lot; the house was then undergoing repairs. Victor executed to

George Pfeuffer, as trustee, his trust deed upon the lot to secure Mrs. Strempel in the sum of $2,000, December 5, 1872; the other deeds of trust in 1874.

September 21, 1876, the case was tried without a jury, and a judgment was rendered in favor of Mrs. Boehme, adjudging the lot to be her homestead and not subject to administration; that the claim of Mrs. Schadwiz stood approved as a simple claim without lien; vacating the approval of Mrs. Strempel's claim so far as it fixed a lien upon the homestead as claimed by Mrs. Boehme, but approving the same in all other respects; vesting the legal title in lot number 91 in Mrs. Boehme. From that judgment this appeal was taken.

OPINION.— The late decisions of this court have had a tendency not to give too extended a scope to the term "family." See Whithed v. Nickelson, 48 Tex., 517; Howard v. Marshall, id., 471; Roco v. Green, 50 Tex., 483; Horn v. Arnold, 52 Tex., 161; Andrews v. Hagadon, 54 Tex., 577.

By the statute in force at the death of Victor Boehme it was provided: " The property reserved from forced sale by the constitution and laws of this state, or its value if there be no such property, does not form any part of the estate of a deceased person where a constituent of the family survives." P. D., art. 5487. The question here for determination is, Was there such a constituent of the family surviving him as could take exempted property upon his death to the exclusion of his creditors under the provisions of the Revised Statutes of August 15, 1870, section 26? It is contended that under the circumstances the mother constituted a constituent of his family within the true sense and meaning of the statute, and would take exempted property of deceased under same. While love for parent and filial duty might impose an obligation to support the mother, still there exists no legal duty upon his part. Appellee claims the lot in controversy was her property, purchased for her and paid for with her money. Appellants reply

that they loaned their money to Victor Boehme upon the faith of his being the owner of the lot, and took their deeds of trust in good faith without any notice of the rights of Mrs. Boehme. The fact that Victor and his mother and sister occupied the lot together was not notice of any right or claim of Mrs. Boehme to the same. The testimony shows that at the time the appellants advanced their money and took their deeds of trust they had no notice whatever that Mrs. Boehme had any claim or interest in the lot. Victor Boehme was not inhibited by the constitution and laws of the state from incumbering the lot by deeds of trust, notwithstanding he occupied it as a homestead, and appellants, without notice, would occupy the position of *bona fide* purchasers for value.

Reversed and remanded.