Susan E. Putnam et al. v. J. G. Young.

(Case No. 1177.)

1. Parties.— See statement of case for facts under which the heirs alone could not prosecute a suit to recover real or personal property, which would be assets in the hands of an administrator for the payment of debts.

2. Homestead — Partition.— One owning and occupying land, on a part of which there was his rural homestead, had a wife and children; the wife died in 1864 while the land was thus occupied, leaving children of the marriage surviving; the husband married again in 1865, and died in 1870, and his second wife, who continued to occupy the homestead with the children of the first marriage, afterwards married. There was no administration on the estate of the first wife. In a suit by the heirs of the first marriage against the surviving widow of the last marriage, for the land and for partition, *held* —

(1) To the extent that the heirs sought to recover the excess of the interest of the estate of their deceased father in the land, over and above the homestead (administration being pending on his estate), and which amount would have been assets in the hands of the administrator, the suit by the heirs alone could not be maintained.

(2) To the extent that such a suit sought to recover the interest inherited by the heirs from their mother in the community property of the first marriage, including the interest, if any, in the homestead as it existed at her death, they were the only proper parties, there having been no administration on her estate.

(3) In such a suit, the plaintiffs were entitled to an account and partition of their mother's interest on the death of their father.

(4) The surviving widow was entitled, subject to such a partition and the equities, if any, growing out of it, to the enjoyment of her deceased husband's half interest in the old homestead, existing at the date of the death of the first wife, and which was still continued at his death, or the enjoyment of a newly acquired homestead; but she was not liable for use and occupation of the homestead, so long as she did not hold it adversely to the rights of the children of the first marriage to a joint possession.

(5) If the estate of the deceased husband was insolvent, then, under the laws in force when he died, the homestead descended in fee to his widow and minor children, and neither was entitled to exclusive possession.

Appeal from McLennan. Tried below before the Hon. X. B. Saunders.

Suit brought July 26, 1874, by J. G. Young, guardian of the minors Elizabeth Ann Miller, Mary M. Miller and John Miller, against Susan E. Putnam and her husband, Willis Putnam, to recover a tract of six hundred and sixteen acres of land.

The petition alleged that the land was the community property of John and Melissa M. Miller, the father and mother of the minor plaintiffs; that Melissa M. died in June, 1864, and that from her the plaintiffs inherited an interest of one-half in the land; that in 1865 John Miller married Susan E. Young, one of the defendants, and that he died in 1870, and the plaintiffs thus became the owners of

the entire tract of land; that Susan E., after the death of John Miller, intermarried with her co-defendant, Willis Putnam, and that they were setting up some pretended claim to the land and illegally keeping plaintiffs out of its possession. They prayed for judgment against defendants for the land, "and that if it should appear that said defendants are entitled to any portion of said land, that commissioners be appointed to partition the same between the parties hereto;" for rents and profits, for damages, costs, and general and special relief. The rental value of the land was alleged to be $1,000 per annum.

In August, 1874, defendants answered by general demurrer and general denial. In January, 1876, they set up by amendment that defendant Susan E. was the surviving widow of John Miller; that administration on his estate was still pending, and that the estate was insolvent; that the land sued for was the homestead of John Miller and of his family at the time of his death; that it was occupied as such by his widow and family after his death, and that it was still occupied by said Susan E. and her family as their homestead. They prayed the court for protection in their homestead rights in the property, and that if a partition should be ordered, that a homestead of two hundred acres of land be set aside to said Susan E. and her family as their homestead.

June 8, 1876, the intermarriage of the plaintiff Elizabeth Ann Miller with T. J. Davis was suggested, and he was made a party and also guardian of the two minors.

On the trial it was shown by plaintiffs that the land was the community property of John Miller and his first wife, the parents of plaintiffs; that the first wife died in 1864, and that John Miller died February 12, 1870; that there were no children of the second marriage; that defendants were living on a farm on the land; that seventy or eighty acres of the land was in cultivation, and that its rental value was $5 per acre.

Defendants proved that John Miller and his second wife (the defendant Susan E.) and her children were living on the land as their home at the time of his death; that defendant Susan E. had continued to live on the place ever since; that the children had continued to live with her up to and after the time of her intermarriage with her co-defendant. There was no proof that the children had ceased to live upon the homestead. It was shown that administration upon the estate of John Miller was still pending. Defendants offered to prove that the estate of John Miller was insolvent, and the evidence was excluded over objection.

The court charged the jury as follows: " It being admitted in this case that the land in controversy was community between the father and mother of plaintiffs, you will find a verdict for the plaintiffs for the land, and such damages for rents, if any, as they have shown themselves entitled to by the proof. You will also find for the defendant Susan E. Putnam, in money, an amount that in your opinion, from the testimony, the life interest of Mrs. Putnam is worth, her interest being a one-sixth interest for life in the rents and profits and use of the place. The plaintiffs are entitled to the value of five-sixths of the rents and profits since the death of John Miller. If you find that the rents due the plaintiffs exceed the value of the life estate of Susan Putnam, you will deduct the value you find of the life estate of Susan Putnam from the amount you find of rents due the plaintiffs. If you find an amount for life interest of Mrs. Putnam greater than rents due plaintiffs, you will deduct rents found from amount found for life interest, it being admitted that Mrs. Putnam never had any children by John Miller, and after her marriage with Putnam cannot hold the property of plaintiffs against their will."

The jury returned the following verdict: " We, the jury, find for plaintiffs the land, and assess the value of the place at $300 per year for four years, and find the sum of $50 for twenty years the life interest of Susan Putnam, said twenty years to commence from date hereof:

" Defendants to plaintiffs, Dr.
" For four years' rent at $300 .. ....... ................................ $1,200
" Cr. by one-sixth interest of Susan Putnam.............................. 200

    " Balance due plaintiffs .......................................... $1,000
" A further credit of life-time interest of twenty years, at $50 per year ..... 1,000 "

Judgment for plaintiffs for the land and for costs, and awarding writ of possession.

Motion for new trial on the following grounds: 1. Error in charge. 2. Error in rejecting evidence of the insolvency of the estate of John Miller. Verdict contrary to law and evidence. Verdict unsupported by evidence. Motion overruled and defendants appealed.

Errors were assigned: 1. In the charge. 2. In refusing a new trial. 3. In rejecting evidence of the solvency of the estate of John Miller.

*Jones, Sleeper & Jones*, for appellants.

*Herring, Anderson & Kelley*, for appellees.

Bonner, Associate Justice.— This is a companion case to that of Pressley's Heirs v. Robinson, decided at this term, *infra*, as they are similar in many of the material questions presented. The opinion in that case is here referred to, and adopted as the opinion in this, in so far as the questions are the same.

As both John and Melissa M. Miller, the father and mother of plaintiffs, died prior to August 15, 1870, the rights of the parties, so far as governed by our probate laws, must be regulated by that of March 20, 1848 (Pasch. Dig., p. 300).

As there was a pending administration on the estate of John Miller at the institution of this suit and at the trial of the cause below, the plaintiffs, as his heirs, did not, so far as appears by the record, come within any exception to the general rule that the heirs could not prosecute alone a suit to recover real or personal property of his estate, which would be proper assets in the hands of the administrator for the payment of debts.

To the extent, then, that the plaintiffs seek to recover the excess of the interest of the estate of John Miller in the land in controversy, over and above the homestead, and which would have been assets in the hands of the administrator, this suit by the heirs alone, under the case as made, should not be sustained. To the extent, however, that it sought a recovery of the interest which the plaintiffs inherited from the estate of their deceased mother in the community property of the first marriage, including this interest, if any, in a homestead as it existed at her death, they were the proper parties, and the only proper parties, as there was no administration on her estate.

Under the decision in Pressley's Heirs v. Robinson, *supra*, the plaintiffs were entitled to an account and partition of their mother's interest, at furthest, on the death of their father, John Miller. His surviving widow, now the defendant Melissa M. Young, was, however, subject to this partition and the equities, if any, growing out of it, entitled to the enjoyment of his half interest in the old homestead, if any, existing at the death of the first wife and which was still continued at his death, or to the enjoyment of a newly acquired homestead. She was not liable for use and occupation of the interest to which she was entitled in such homestead. In fact, she was not liable for the use and occupation of the whole of such homestead, if she did not hold the interest of the plaintiffs, or some of them, adversely to their right of joint possession.

If the estate of John Miller was insolvent, then under the law in force at his death, the homestead descended in fee to his widow and

minor children, for their joint benefit; and neither she nor the minor children were entitled to its exclusive possession to the prejudice of the other. Horn v. Arnold, 52 Tex., 161.

In this connection, the solvency of his estate became a material question, and the court erred in excluding the testimony offered on this issue. The court also erred in the charge to the jury. For these errors the judgment below is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered December 29, 1882.]